Manfred P. Muecke (SBN: 222893)
mmuecke@manfredapc.com
**MANFRED, APC**
600 West Broadway, Suite 700
San Diego, CA 92101
Telephone: (619) 550-4005
Fax: (619) 550-4006

*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

CRAIG WOOLARD, on Behalf of
Himself and All Others Similarly
Situated,

  Plaintiff,

  vs.

REYNOLDS CONSUMER
PRODUCTS, INC. & REYNOLDS
CONSUMER PRODUCTS, LLC,

  Defendants.

Case No.: **'22 CV 1684 TWR NLS**

**CLASS ACTION COMPLAINT
DEMAND FOR JURY TRIAL**

Plaintiff Craig Woolard ("Plaintiff"), by and through his attorneys, brings this action on behalf of himself and all others similarly situated against Reynolds Consumer Products, Inc. & Reynolds Consumer Products, LLC ("Defendants" or "Reynolds"). Plaintiff hereby alleges, on information and belief, except for information based on personal knowledge, which allegations are likely to have evidentiary support after further investigation and discovery, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A), as the amount in controversy exceeds $5 million, exclusive of interests and costs; it is a class action of over 100 members; and the Plaintiff is a citizen of a state different from at least one Defendants.

2. This Court has personal jurisdiction over Defendants. Defendants have sufficient minimum contacts with the state of California and purposefully availed itself, and continues to avail itself, of the jurisdiction of this California through the privilege of conducting its business ventures in the state of California, thus rendering the exercise of jurisdiction by the Court permissible under traditional notions of fair play and substantial justice.

3. Venue is proper in this district under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, as Defendants do business throughout this district, and Plaintiff made his purchase of Defendants' Hefty Recycling Trash Bags in San Diego, California from a retail store in this district and his purchased Hefty Recycle Trash Bags was delivered to, and used, in this district.

## THE PARTIES

4. Plaintiff Craig Woolard is a natural person and a citizen of San Diego County, California. Plaintiff purchased the Hefty Recycling Trash Bags from a local

Walmart. Prior to his purchase, Plaintiff saw and reviewed Defendants' advertising claims on the packaging and labeling itself, and he made his purchase of the trash bags in reliance thereon. Plaintiff specifically relied upon representations made by Defendants that its Hefty Recycling bags were suitable for recycling. Plaintiff did not receive the promised benefits or receive the full value of his purchase. Plaintiff would purchase the Product in the future if it worked as advertised.

5.    Defendants Reynolds Consumer Products, Inc. is a publicly traded corporation organized and existing under the laws of the state of Delaware, with its principal place of business located in Lake Forest, Illinois. It is the parent company of Defendants Reynolds Consumer Products, LLC.

6.    Defendants Reynolds Consumer Products, LLC is a company organized and existing under the laws of the state of Delaware, with its principal place of business located in Lake Forest, Illinois. It is a wholly-owned subsidiary of Reynolds Consumer Products, Inc., and owns the "Hefty" trademark.

7.    Plaintiff reserves the right to amend this Complaint to add different or additional defendants, including without limitation any officer, director, employee, supplier, or distributor of Defendants who has knowingly and willfully aided, abetted, or conspired in the false and deceptive conduct alleged herein.

## FACTUAL ALLEGATIONS

8.    The Hefty "Recycling" bags are sold in 13- and 30-gallon sizes (the "Products"). Both sizes are sold in packaging depicted below. The illustration depicts the front of a typical box of Hefty Recycling Bags.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





9.     Defendants place the prominent representation "RECYCLING" on the front label of the Hefty "Recycling" trash bags with a green background and white font. Next to the representation, Defendants include images of the Hefty "Recycling" trash bags filled with recyclable waste.

10.    The back of the package (pictured above) states: "HEFTY RECYCLING BAGS ARE PERFECT FOR ALL YOUR RECYCLING NEEDS."

3

11.    The back label also states: "DESIGNED TO HANDLE ALL TYPES OF RECYCLABLES" and "TRANSPARENT FOR QUICK SORTING AND CURBSIDE IDENTIFICATION." A graphic of a blue recycling truck is included, with the "chasing arrows" recycling symbol prominently displayed on its side.

12.    Defendants' website provided additional representations about the suitability of the Hefty "Recycling" trash bags for recycling, stating that they "[r]educe your environmental impact" and are "designed to handle your heaviest recycling jobs." Defendants add, "[t]hese transparent bags make it easy to sort your recyclables and avoid the landfill:"

**HEFTY® RECYCLING BAGS**

Reduce your environmental impact with Hefty® Recycling bags designed to handle your heaviest recycling jobs. Available in 13 and 30 gallon sizes and ideal for daily use or seasonal cleaning, these transparent bags make it easy to sort your recyclables and avoid the landfill.

- Arm & Hammer™ patented odor neutralizer*
- Transparent clear or blue option for easy sorting
- Designed to handle all types of recyclables

**BUY NOW**

**Sizes Available**

- 13 gal
- 30 gal

**Colors Available**

- Clear transparent
- Blue transparent

13.    Defendants sold the Hefty "Recycling" trash bags on their website with images demonstrating how to use the bags:

4





14.     Defendants also sold the Hefty "Recycling" trash bags to consumers along with a video advertisement showing that the bags should be put in the recycle bin with other recyclables.

15.     Under California Statute 403.703 "Recyclable material" means those materials that are capable of being recycled and that would otherwise be processed or disposed of as solid waste and "Recycling" means any process by which solid waste, or materials that would otherwise become solid waste, are collected, separated, or processed and reused or returned to use in the form of raw materials or intermediate or final products. Such raw materials or intermediate or final products include, but are not limited to, crude oil, fuels, and fuel substitutes.

16.     Despite Defendants' representations, the Hefty "Recycling" trash bags are not recyclable at California solid waste disposal facilities and are not suitable for the disposal of recyclable products at solid waste disposal facilities.

17.     Hefty "Recycling" trash bags are made from low-density polyethylene and are not recyclable at California's solid waste disposal facilities.

18.     When Hefty "Recycling" trash bags are delivered by waste haulers to a California solid waste disposal facility the bags and all of the otherwise recyclable

items contained within them are not delivered to a recycling facility but are treated as regular solid waste materials.

19.     California's waste disposal facilities do not recycle either Hefty "Recycling" trash bags or the recyclable materials contained in them.

20.     The otherwise recyclable items (like cardboard, glass, aluminum, etc.) placed into Hefty "Recycling" trash bags by California consumers who are trying to recycle those items ultimately end up in landfills or incinerators and are not recycled.

## FACTS COMMON TO ALL CLASS MEMBERS

21.     Less than 10 percent of American plastic waste is recycled.[1] In all, the United States contributed up to 2.24 million metric tons into the environment in 2016, and of that, more than half—1.5 million metric tons—was along coastlines, meaning it had a high probability of slipping into the oceans. Although the U.S. accounted for just 4 percent of the global population in 2016, it generated 17 percent of all plastic waste.[2]

22.     The staggering amount of plastic waste accumulating in the environment is accompanied by an array of negative side effects. For example, plastic debris is frequently ingested by marine animals and other wildlife, which can be both injurious and poisonous. Floating plastic is also a vector for invasive species, and plastic that gets buried in landfills can leach harmful chemicals into ground water that is absorbed by humans and other animals. Plastic litter on the streets and in and around our parks and beaches also degrades the quality of life for residents and visitors. More recently, scientists have discovered that plastic waste releases large amounts of methane, a powerful greenhouse gas, as it degrades. Thus, plastic waste

---

[1] https://www.nationalgeographic.com/environment/article/us-plastic-pollution (last accessed Oct. 28, 2022)

[2] *Id.*

is also thought to be a significant potential cause of global climate change. Consumers, including Plaintiff, actively seek out products that are recyclable to prevent the increase in global waste and to minimize their environmental footprint.

23.     Pursuant to the Federal Trade Commission, the term "environmental marketing claim" includes any claim contained in the Guides for use of Environmental Marketing Claims published by the Federal Trade Commission (the "Green Guides"). *See also* 16 C.F.R. § 260.1, *et seq*. Under the Green Guides, "[i]t is deceptive to misrepresent, directly or by implication, that a product or package is recyclable. A product or package shall not be marketed as recyclable unless it can be collected, separated, or otherwise recovered from the waste stream through an established recycling program for reuse or use in manufacturing or assembling another item." 16 C.F.R. § 260.12(a).

24.     The Green Guides' definition of "recyclable" is consistent with reasonable consumer expectations. For instance, the dictionary defines the term "recycle" as: (1) convert (waste) into reusable material, (2) return (material) to a previous stage in a cyclic process, or (3) use again. Oxford Dictionary, Oxford University Press 2018. Accordingly, reasonable consumers expect that products advertised, marketed, sold, labeled and/or represented as recyclable will be collected, separated, or otherwise recovered from the waste stream through an established recycling program for reuse or use in manufacturing or assembling another item.

25.     In an attempt to take advantage of consumers' concerns with respect to the environmental consequences caused by such products, Defendants advertise, market and sell the Products as for "Recycling." As shown above, these claims are uniform, consistent and prominently displayed on each of the Products' labels.

26.     Like most plastic bags, the Products are made of low-density polyurethane, thus they do not differ in any significant way from the millions of other plastic bags that people receive at grocery stores and other retail outlets.

27.    Despite prominently claiming to be for "Recycling", many municipalities do not accept plastic bags—such as the Products—for recycling. As a result, they cannot be recycled.

28.    Environmentally motivated consumers who purchase the Products in the belief that they are recyclable are thus unwittingly hindering recycling efforts. Moreover, Plaintiff and consumers have no way of knowing whether the Products are actually segregated from the general waste stream, cleaned of contamination, or reused or converted into a material that can be reused or used in manufacturing or assembling another item.

29.    Most consumers believe that their Products are recyclable based on Defendants' representations. However, the Products will end up in a landfill as they cannot be recycled by Materials Recovery Facilities ("MRFs") in the United States. Defendants' representations that the Products are recyclable are therefore per se deceptive under the Green Guides. Rather than accurately advertise its Products through its labeling, Defendants prey on consumers' desire for environmentally friendly products to drive substantial profits.

30.    All reasonable consumers, including Plaintiff, read and relied on Defendants' "Recycling" representations when purchasing the Products. Defendants' "Recycling" representation was material to Plaintiff's and Class Members' decision to purchase the Products.

31.    Defendants' marketing efforts are made in order to – and do in fact – induce consumers to purchase the Products at a premium because consumers believe they are getting products that are for "Recycling."

32.    As shown throughout this Complaint, however, Defendants' Products are not for "Recycling" products. Defendants' representations and omissions are false and misleading. Defendants intended for Plaintiff and Class Members to be deceived or mislead by their misrepresentations and omissions. Defendants' deceptive and misleading practices proximately caused harm to Plaintiff and the Class.

33.    Plaintiff and Class Members would not have purchased the Products or would not have paid as much for the Products, had they known the truth about the mislabeled and falsely advertised Products.

### FED. R. CIV. P. 9(b) ALLEGATIONS

34.    Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To the extent necessary, as detailed in the paragraphs above and below, Plaintiff has satisfied the requirements of Rule 9(b) by establishing the following elements with sufficient particularity.

35.    **WHO**: Defendants, Reynolds Consumer Products, Inc. and Reynolds Consumer Products, LLC, made material misrepresentations and/or omissions of fact in its labeling and marketing of the Products by representing that the Products are for "Recycling" and/or failing to inform consumers that most municipalities do not accept plastic bags for recycling.

36.    **WHAT**: Defendants' conduct here was and continues to be fraudulent because it has the effect of deceiving consumers into believing that the Products are for "Recycling." Defendants omitted from Plaintiff and Class Members that the Products are not for "Recycling" because they are not recyclable at MRFs and are not suitable for the disposal of recyclable products at MRFs. Defendants knew or should have known this information is material to all reasonable consumers and impacts consumers' purchasing decisions. Yet, Defendants have and continue to represent that the Products are for "Recycling" when they are not and have omitted from the Products' labeling the fact they are not recyclable at MRFs and are not suitable for the disposal of recyclable products at MRFs.

37.    **WHEN**: Defendants made material misrepresentations and/or omissions detailed herein, including that the Products are for "Recycling" continuously throughout the applicable Class period(s).

38. **WHERE**: Defendants' material misrepresentations and omissions, that the Products are for "Recycling", were located on the very center of the front label of the Products in bold lettering surrounded by a bubble that contrasts with the background of the packaging, which instantly catches the eye of all reasonable consumers, including Plaintiff, at the point of sale in every transaction. The Products are sold in Defendants' brick and mortar stores and online stores.

39. **HOW**: Defendants made written misrepresentations right on the front label of the Products that the Products were for "Recycling" even though they are not recyclable at MRFs and are not suitable for the disposal of recyclable products at MRFs. As such, Defendants' "Recycling" representations are false and misleading. Moreover, Defendants omitted from the Products' labeling the fact that there they are not recyclable at MRFs and are not suitable for the disposal of recyclable products at MRFs. And as discussed in detail throughout this Complaint, Plaintiff and Class Members read and relied on Defendants' "Recycling" representations and omissions before purchasing the Products.

40. **WHY**: Defendants misrepresented their Products as being for "Recycling" and omitted from the Products' labeling the fact that they are not recyclable at MRFs and are not suitable for the disposal of recyclable products at MRFs for the express purpose of inducing Plaintiff and Class Members to purchase the Products at a substantial price premium. As such, Defendants profited by selling the misrepresented Products to at least thousands of consumers throughout the nation.

## CLASS ACTION ALLEGATIONS

41. **Class Definition:** Plaintiff brings this action on behalf of himself and the following Classes pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and/or (b)(3). Specifically, the Classes are defined as:

**National Class**: All persons in the United States who purchased the Products during the fullest period of law.

In the alternative, Plaintiff brings this action on behalf of the following State Sub-Class:

**California Sub-Class**: All persons in the State of California who purchased the Products during the fullest period of law.

42. Plaintiff reserves the right to amend the Class definitions if further investigation and discovery indicates that the Class definitions should be narrowed, expanded, or otherwise modified.

43. **Numerosity and Ascertainability:** Plaintiff does not know the exact number of members of the putative classes. Due to Plaintiff's initial investigation, however, Plaintiff is informed and believes that the total number of Class members is at least in the tens of thousands, and that members of the Class are numerous and geographically dispersed throughout California and the United States. While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery, including Defendants' records, either manually or through computerized searches.

44. **Typicality and Adequacy:** Plaintiff's claims are typical of those of the proposed Class, and Plaintiff will fairly and adequately represent and protect the interests of the proposed Class. Plaintiff does not have any interests that are antagonistic to those of the proposed Class. Plaintiff has retained counsel competent and experienced in the prosecution of this type of litigation.

45. **Commonality:** The questions of law and fact common to the Class members, some of which are set out below, predominate over any questions affecting only individual Class members:

a. whether Defendants committed the conduct alleged herein;

b. whether Defendants' conduct constitutes the violations of laws alleged herein;

c. whether Defendants' labeling, sale and advertising set herein are unlawful, untrue, or are misleading, or reasonably likely to deceive;

d. whether the Hefty Recycle Trash Bags are adulterated and/or misbranded under the California Health & Safety Code or federal law;

e. whether Defendants knew or should have known that the representations were false or misleading;

f. whether Defendants knowingly concealed or misrepresented material facts for the purpose of inducing consumers into spending money on the Hefty Recycle Trash Bags;

g. whether Defendants' representations, concealments and non-disclosures concerning the Hefty Recycle Trash Bags are likely to deceive consumers;

h. whether Defendants' representations, concealments and non-disclosures concerning the Hefty Recycle Trash Bags violate California consumer laws and/or the common law;

i. whether Defendants should be permanently enjoined from making the claims at issue; and

j. whether Plaintiff and the Class are entitled to restitution and damages.

46. **Predominance and Superiority:** Common questions, some of which are set out above, predominate over any questions affecting only individual Class members. A class action is the superior method for the fair and just adjudication of this controversy. The expense and burden of individual suits makes it impossible and impracticable for members of the proposed Class to prosecute their claims

individually and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

a. given the complexity of issues involved in this action and the expense of litigating the claims, few, if any, Class members could afford to seek legal redress individually for the wrongs that Defendants committed against them, and absent Class members have no substantial interest in individually controlling the prosecution of individual actions;

b. when Defendants' liability has been adjudicated, claims of all Class members can be determined by the Court;

c. this action will cause an orderly and expeditious administration of the Class claims and foster economies of time, effort and expense, and ensure uniformity of decisions; and

d. without a class action, many Class members would continue to suffer injury, and Defendants' violations of law will continue without redress while Defendants continues to reap and retain the substantial proceeds of their wrongful conduct.

47. **Manageability:** The trial and litigation of Plaintiff's and the proposed Class claims are manageable. Defendants have acted and refused to act on grounds generally applicable to the Class, making appropriate final injunctive relief and declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION
**Violations of the California Consumers Legal Remedies Act,
Cal. Civ. Code § 1750**

48.     Plaintiff incorporates all preceding factual allegations as if fully set forth here.

49.     Plaintiff brings this claim on his own behalf and on behalf of each member of the Class.

50.     Plaintiff and each member of the Class are consumers who purchased the Product from Defendants for personal, family, or household purposes.

51.     Plaintiff and the Class are "consumers" as that term is defined by the California Consumers Legal Remedies Act (the "CLRA") in Cal. Civ. Code § 1761(d).

52.     Defendants' sales of its product to Plaintiff and Class members are a "service" within the meaning of Cal. Civ. Code § 1761(b).

53.     Defendants' actions, representations, and conduct are covered by the CLRA, because they extend to transactions that intended to result, or which have resulted in, the sale of services to consumers.

54.     Defendants sold the Product to Plaintiff and the Class members without adequately disclosing the product was not suitable for recycling.

55.     Cal. Civ. Code § 1770(a)(5), prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have." By engaging in the conduct set forth herein, Defendants violated and continues to violate CLRA Section 1770(a)(5), because Defendants' conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendants misrepresents the particular characteristics, benefits and quantities of its services.

56.     Cal. Civ. Code § 1770(a)(7) prohibits representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or

model, if they are of another. By engaging in the conduct set forth herein, Defendants violated and continues to violate CLRA Section 1770(a)(7), because Defendants' conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendants misrepresents the particular standard, quality or grade of its services.

57. Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By engaging in the conduct set forth herein, Defendants violated and continues to violate Section 1770(a)(9), because Defendants' conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendants advertises services with the intent not to sell the services as advertised.

58. Cal. Civ. Code § 1770(a)(14) prohibits "[r]epresenting that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law." By engaging in the conduct set forth herein, Defendants violated and continues to violate CLRA Section 1770(a)(14), because Defendants' conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendants misrepresents the rights, remedies, and obligations of its services.

59. Cal. Civ. Code § 1770(a)(16) prohibits "[r]epresenting that the subject of a transaction has been supplied in accordance with a previous representation when it has not." By engaging in the conduct set forth herein, Defendants violated and continue to violate CLRA Section 1770(a)(16), because Defendants' conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendants misrepresents that its product has been supplied in accordance with its previous representations when they have not.

60. Plaintiff and the Class acted reasonably when they purchased the Product from Defendants on the belief that Defendants' representations were true and lawful.

61.     Plaintiff and the Class suffered injuries caused by Defendants because (a) they would not have purchased the Product from Defendants absent Defendants' representations regarding the Products recycling qualities; (b) they paid a price premium for the Product they purchased from Defendants based on Defendants' misrepresentations; and (c) Defendants' Product sales did not have the characteristics, benefits, or quantities as consumers were led to believe.

62.     In accordance with Cal. Civ. Code § 1780(a), Plaintiff and the Class seek injunctive and equitable relief for Defendants' CLRA violations. Plaintiff has mailed an appropriate demand letter consistent with California Civil Code § 1782(a). If Defendants fails to take corrective action within 30 days of receipt of the demand letter, Plaintiff will amend his complaint to include a request for claims for actual, punitive, and statutory damages, as appropriate.

## SECOND CAUSE OF ACTION
### Violations of the California Unfair Competition Law
### Cal. Bus. & Prof. Code § 17200

63.     Plaintiff incorporates all preceding factual allegations as if fully set forth here.

64.     Plaintiff brings this claim on his own behalf and on behalf of each member of the Class.

65.     Cal. Bus. & Prof Code § 17200, et seq. (the "UCL") prohibits acts of "unfair competition," including any unlawful, fraudulent, or unfair business acts or practices.

66.     Under the "unlawful" prong of the UCL, a violation of another law is treated as unfair competition and is independently actionable.

67.     Defendants committed unlawful practices because it violated *inter alia* Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45(a), which declares unlawful unfair and deceptive acts or practices in or affecting commerce. Defendants' conduct as alleged herein is both unfair and deceptive.

17

68.     Defendants also committed unlawful practices because it violated *inter alia* the Consumers Legal Remedies Act, the False Advertising Law, and other applicable laws as described herein.

69.     Plaintiff reserves the right to allege other violations of law which constitute other unlawful business acts or practices as Defendants' conduct is ongoing and continues to this date.

70.     Under the "unfair" prong of the UCL, a business practice is unfair if that practice offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.

71.     Defendants' acts and practices are unfair because the gravity of the consequences of Defendants' conduct as described above outweighs any justification, motive or reason.

72.     Defendants' acts and practices are also immoral, unethical, unscrupulous, and offend established public policy and are substantially injurious to Plaintiff and the other members of the Class and could not have been reasonably avoided by Plaintiff and the Class.

73.     Plaintiff and the Class acted reasonably when they purchased the Product from Defendants on the belief that the Product would be recyclable.

74.     As a result of Defendants' unlawful, unfair, and fraudulent business practices, Plaintiff and the Class have suffered an injury in fact and have lost money in an amount to be determined at the trial of this action.

75.     Plaintiff and the other members of the Class are entitled to an order pursuant to Cal. Bus. & Prof Code §17203, enjoining Defendants' unlawful and unfair conduct, and such other orders and judgments necessary to disgorge Defendants' ill-gotten gains and to restore to Plaintiff and the Class any amounts assessed and/or paid as a result of Defendants' wrongful conduct.

//
//
//

18

## THIRD CAUSE OF ACTION
### Violations of the California False Advertising Law,
### Cal. Bus. & Prof. Code § 17500

76.     Plaintiff incorporates all preceding factual allegations as if fully set forth here.

77.     Plaintiff brings this claim on his own behalf and on behalf of each member of the Class.

78.     California's False Advertising Law (the "FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

79.     Defendants mislead consumers regarding the Hefty Recycling Trash Bags Product as having the recycling qualities without adequately disclosing that it wasn't suitable for recycling. Defendants' advertisements and omissions were made in and originated from California and fall within the definition of advertising as contained in the FAL in that advertisements were intended to induce consumers to purchase the Product from Defendant. Defendants knew that those advertisements and omissions were false and misleading.

80.     Defendants' advertising regarding the Product's recycling qualities was false and misleading to a reasonable consumer, including Plaintiff.

81.     Defendants violated the FAL by misleading Plaintiff and the Class to believe that its Product was suitable for recycling.

82.     Defendants knew or should have known, through the exercise of reasonable care, that its advertisements about its Product were misleading.

19

83.     Plaintiff and the Class lost money or property as a result of Defendants' FAL violations because (a) they would not have the Product absent Defendants' misrepresentations; (c) they paid a price premium for the Product based on Defendants' misrepresentations; and (d) Defendants' Product did not have the characteristics, benefits, or quantities as consumers were led to believe.

### FOURTH CAUSE OF ACTION
**Negligent Misrepresentation**

84.     Plaintiff incorporates all preceding factual allegations as if fully set forth here.

85.     Plaintiff brings this claim on h own behalf and on behalf of each member of the Class.

86.     Defendants misrepresented that Hefty Recycling Bags have recycling qualities. However, Defendants' Product is not recyclable.

87.     At the time Defendants made these representations, Defendants knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

88.     Defendants also negligently misrepresented and/or negligently omitted material facts about the Product's recycling qualities.

89.     The negligent misrepresentations and omissions made by Defendants, upon which Plaintiff and the Class reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and the Class to purchase the Product from Defendants.

90.     Plaintiff and the Class would not have purchased the Product from Defendants if the true facts had been known.

91.     The negligent actions of Defendants caused damage to Plaintiff and the Class members, who are entitled to damages and other legal and equitable relief as a result.

//

//

## FIFTH CAUSE OF ACTION
### Unjust Enrichment

92. Plaintiff incorporates all preceding factual allegations as if fully set forth here.

93. Plaintiff brings this claim on his own behalf and on behalf of each member of the Class.

94. As a result of its unjust conduct, Defendants have been unjustly enriched.

95. By reason of Defendants' wrongful conduct, Defendants have benefited from improper receipt of funds, and under principles of equity and good conscience, Defendants should not be permitted to keep this money.

96. As a result of Defendants' conduct it would be unjust and/or inequitable for Defendants to retain the benefits of its conduct without restitution to Plaintiffs and the Class. Accordingly, Defendants must account to Plaintiff and the Class for its unjust enrichment.

## SIXTH CAUSE OF ACTION
### Fraud
### (Nationwide Class)

97. Plaintiff incorporates all preceding factual allegations as if fully set forth here.

98. Plaintiff brings this claim on his own behalf and on behalf of each member of the Class.

99. As alleged herein, Defendants knowingly made material misrepresentations and omissions regarding the Products on the Products' labeling and packaging in the Products' advertisements, and/or on its website, specifically the "Recycling" representations and omissions alleged more fully herein.

100. Defendants made these material "Recycling" representations and omissions in order to induce Plaintiff and putative Nationwide Class Members to purchase the Products.

101.   Defendants knew the "Recycling" representations and omissions regarding the Products were false and misleading but nevertheless made such representations through the marketing, advertising and on the Products' labeling.

102.   In reliance on these "Recycling" representations and omissions, Plaintiff and putative Nationwide Class Members were induced to, and did, pay monies to purchase the Products.

103.   Had Plaintiff and the Nationwide Class known the truth about the Products, they would not have purchased the Products.

104.   As a proximate result of the fraudulent conduct of Defendants, Plaintiff and the putative Nationwide Class paid monies to Defendants, through their regular retail sales channels, to which Defendants are not entitled, and have been damaged in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated members of the Classes, pray for relief and judgment, including entry of an order:

A. Declaring that this action is properly maintained as a class action, certifying the proposed Class(es), appointing Plaintiff as Class Representative and appointing Plaintiff's counsel as Class Counsel;

B. Directing that Defendants bear the costs of any notice sent to the Class(es);

C. Declaring that Defendants must disgorge, for the benefit of the Class(es), all or part of the ill-gotten profits they received from the sale of the Products, or order Defendants to make full restitution to Plaintiff and the members of the Class(es);

D. Awarding restitution and other appropriate equitable relief;

E. Granting an injunction against Defendants to enjoin them from conducting their business through the unlawful, unfair and fraudulent acts or practices set forth herein;

F. Granting an Order requiring Defendants to fully and appropriately recall the Products and/or to remove the claims on its website and elsewhere, including the "Recyclable" representations regarding the Products;

G. Ordering a jury trial and damages according to proof;

H. Enjoining Defendants from continuing to engage in the unlawful and unfair business acts and practices as alleged herein;

I. Awarding attorneys' fees and litigation costs to Plaintiff and members of the Class(es);

J. Awarding civil penalties, prejudgment interest and punitive damages as permitted by law; and

K. Ordering such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED: October 28, 2022

*s/Manfred Muecke*
**Manfred, APC**
Manfred Muecke (SBN: 222893)
600 W Broadway, Ste 700
San Diego, CA 92101-3370
mmuecke@manfredapc.com
Phone: 619-550-4005
Fax: 619-550-4006

23